UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY C. SWAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　Defendant. | Case No. 15-cv-03558-JCS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 26 |

## I.　INTRODUCTION

Plaintiff Kimberly Swan brought this action challenging the denial of her applications for disability insurance benefits and Supplemental Security Benefits by Defendant Carolyn Colvin, Commissioner of the Social Security Administration (the "Commissioner"). In another order, the Court granted Swan's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the case for further administrative proceedings. Swan now moves for attorney's fees and costs under the Equal Access to Justice Act ("EAJA," 28 U.S.C. § 2412(d)). For the reasons stated below, the Motion for Attorney's Fees and Costs (the "Motion") is GRANTED in part and DENIED in part. Swan shall recover attorney's fees totaling $13,243.49 and costs of $274.07.[1]

## II.　BACKGROUND

### A.　Procedural History

Swan filed this action seeking review of an Administrative Law Judge's determination that she was not disabled. *See* Compl., dkt. no. 1. As explained in the order granting Swan's motion for summary judgment, the Court held that the Administrative Law Judge ("ALJ") erred in three

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

respects: (1) his assessment of Swan's physical residual functional capacity ("RFC") failed to consider certain physicians' opinions; (2) his assessment of Swan's mental RFC failed to consider a psychologist's opinion; and (3) he improperly determined that Swan's testimony was not credible. *See* Order Granting Pl.'s Mot. for Summ. J., dkt. no. 23, at 18–23.[2] The Court ordered that the case be remanded for further administrative proceedings. *Id.* at 23. Swan now moves for the fees and costs she incurred in this action. *See* Mot., dkt. no. 26.

### B. The Parties' Arguments

In the Motion, Swan's request for attorney's fees totaled $13,357.65, which she contended was reasonable in light of the 70.2 hours that her attorney ("counsel") expended on the case and the applicable 2015 statutory rate of $190.28 per hour. Mot. at 2. Swan also requested costs of $270.99. *Id.* at 11.

Regarding her attorney's fees request, Swan explained that 66 hours of that total were spent litigating her case's merits, and 4.2 hours were spent seeking the requested fees and costs. *Id.* at 9. She also asserted that counsel's work was performed efficiently, and the total time that counsel allotted was reasonable compared to hours spent in similar matters. *Id.*

The Commissioner opposes the Motion, contending that the requested fees are unreasonable and that $10,000 would be an appropriate award. Opp'n, dkt. no. 29, at 2, 5. She argues that the hours spent by Swan's counsel "far exceed the average EAJA fee award in a Social Security case, which generally requires between 20 and 40 hours of work." *Id.* at 3. She further asserts that, in this case, the record was of average size, the number of medical records was small, and the 18 hours spent on Swan's summary judgment reply brief were excessive. *Id.* at 4.

The Commissioner also disputes the propriety of counsel's hour itemization in two respects. First, she asserts that the 3.5 hours of work performed before the filing of Swan's Complaint are not compensable. *Id.* Second, she argues that counsel failed to document properly the hours spent drafting the summary judgment motion and reply, suggesting that the billing entries are too vague for the Court to evaluate their reasonableness. *Id.* at 4–5.

---

[2] *Swan v. Colvin*, No. 15–cv–03558–JCS, 2016 WL 4990518 (N.D. Cal. Sept. 19, 2016). The Court's citations to this order refer to page numbers in the version filed in the ECF docket.

1    In her Reply, Swan contests the Commissioner's position that counsel's hours were
2    excessive. *See* Reply, dkt. no. 30, at 2–9.  Swan emphasizes that some of those hours were spent
3    attempting to settle the fee dispute and that the hours spent litigating the merits were comparable
4    to similar cases. *Id.* at 2–3.  She further disputes the Commissioner's assertion that counsel's time
5    spent preparing the summary judgment reply brief was excessive. *Id.* at 4.  Regarding the hours
6    accrued before her Complaint was filed, Swan argues that the work was necessary for counsel to
7    review the case properly. *Id.* at 5.  Swan criticizes the argument that the hours worked were not
8    documented properly, asserting that the Commissioner was required to explain how those hours
9    should have been documented. *Id.* at 6.  She further criticizes the Commissioner's proposed fee
10   award of $10,000, arguing that the proposal violates Ninth Circuit precedent. *Id.* at 6–9.

11   Swan also amends her requested awards totals in the Reply.  Asserting that her attorney
12   expended 4.6 hours preparing the Reply, she requests a total fee award of $14,232.94 for 74.8
13   hours' work at the $190.28 rate. *Id.* at 9.  She requests an additional $3.08 for expenses related to
14   the Reply, bringing her request for costs to $274.07. *Id.* at 10.

### III.   ANALYSIS

#### A.   Legal Standard

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  To receive an award for attorney's fees and expenses, the prevailing party must submit an itemized statement of the time and costs expended in the civil action. *See* 28 U.S.C. § 2412(d)(1)(B).

If an award for attorney's fees is appropriate, the Court must determine a fee it deems reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  This determination is made using the lodestar method: the prevailing hourly rate for a local attorney is multiplied by the number of hours that were reasonably expended on the litigation. *See Moreno*, 534 F.3d at 1111 (citing *Blum v.*

3

*Stenson*, 465 U.S. 886, 897 (1984)). The Ninth Circuit has explained that "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Id.* (citing *Hensley*, 461 U.S. at 434). District courts "should defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case." *Id.* "Nevertheless, the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without more specific explanation." *Id.*

### B. Swan Is Entitled to Attorney's Fees and Costs

Swan claims entitlement to attorney's fees and costs under the EAJA. It is undisputed that Swan prevailed in her action against the Commissioner. As set forth in the Court's order granting summary judgment for Swan, the ALJ committed numerous errors in determining that Swan was not entitled to Social Security benefits. The Commissioner has not claimed that she was substantially justified in affirming the ALJ's erroneous determination or in defending that determination in this action. Therefore, the Commissioner concedes and the Court finds that Swan is entitled to attorney's fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A).

Swan requests $274.07 for litigation costs, a request that the Commissioner has not addressed. Under the circumstances, the expenses recorded by counsel appear reasonable. *See* Decl. of Barbara Rizzo in Supp. of Pl.'s Mot. ("Rizzo Mot. Decl.," dkt. no. 28), Ex. 3, dkt. no. 28-3; Decl. of Barbara Rizzo in Supp. of Pl.'s Reply ("Rizzo Reply Decl.," dkt. no. 30-1) at 4. The Court awards Swan her full costs request of $274.07.

Swan's request for attorney's fees totals $14,232.94, the product of 74.8 hours expended by counsel at a rate of $190.28. The Commissioner does not dispute the billing rate, which equals the EAJA adjusted statutory rate for work performed in 2015 set by the Ninth Circuit.[3] However, she objects to the requested fees on the grounds that the total time billed by counsel is excessive. Thus, the remaining question is whether the time expended by counsel was reasonable.

---

[3] *See* 28 U.S.C. § 2412(d)(2)(A); *Statutory Maximum Rates Under the Equal Access to Justice Act*, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (accessed Dec. 1, 2016).

4

### C. Time for Drafting the Summary Judgment Motion and Reply Is Reduced

The Commissioner contends that, considering the size of the record, the time expended litigating the merits of the case is excessive. The Commissioner further objects to the 52.1 hours recorded as "Drafted SJM" and "Drafted Reply," asserting that those line items were recorded in a manner that prevents the Court from evaluating their reasonableness. The Court agrees.

A party who moves for attorney's fees under the EAJA has the burden of submitting evidence of the hours expended in the action and establishing that those hours were appropriate. *See Yesipovich v. Colvin,* 166 F. Supp. 3d 1000, 1006 (N.D. Cal. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). Appropriate hours include all time reasonably expended pursuing the result achieved, i.e., success on the merits and seeking recovery of attorney's fees under the EAJA. *See id.* (quoting *Hensley*, 461 U.S. at 431); *see also Moreno*, 534 F.3d at 1111. Considering the size of the record in this case, the time spent on the summary judgment motion and reply appears excessive. The vagueness of counsel's billing records further supports a reduction in the award. *See Hensley*, 461 U.S. at 434. The Court has reviewed the request for fees, and is very familiar with the briefs that were filed. The Court finds that the time spent on these briefs was excessive and reduces the billable time spent on those briefs by ten percent, which equates to 5.2 hours. *See Moreno*, 534 F.3d at 1111.

### D. No Further Reduction Is Warranted

Although the Court agrees with the Commissioner that some of the requested fees are unreasonable, her three remaining arguments are without merit.

First, the Commissioner argues that the EAJA does not permit an award for fees accrued before the filing of a civil action. *See* Opp'n at 4 (citing 28 U.S.C. § 2412(d); *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991); *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000)). Under the EAJA, "'fees and other expenses' includes the reasonable expenses . . . found by the court to be necessary for the preparation of the party's case, and reasonable attorney's fees . . . ." 28 U.S.C. § 2412(d)(2)(A). An award of reasonable fees and expenses accrued for the preparation of a party's case before a plaintiff files the action is appropriate. Courts in this district have approved requests for fees accrued prior to an action's filing. *See Yesipovich*, 987 F.2d at 1107.

The time Swan's attorney expended prior to the Complaint's filing is compensable in full.

Second, the Commissioner cites *Harden v. Commissioner of the Social Security Administration* as authority for the proposition that the hours expended by Swan's attorney exceed the "average" for Social Security cases. *See* Opp'n at 3 (citing 497 F. Supp. 2d 1214, 1215–16 (D. Or. 2007)). A district court's reliance on *Harden*, which estimated the normal range of hours expended on typical Social Security cases, was expressly criticized by the Ninth Circuit. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (per curiam). In *Costa*, the Ninth Circuit also explained that labeling a Social Security case "routine" is of little use for assessing the hours an attorney might reasonably expend on it. *Id.* at 1136.

Third, the Commissioner asserts—without citing evidence—that her proposed $10,000 fee award is reasonable. *See* Opp'n at 5. There is no basis for this argument.

### E.  Calculation

Swan has requested attorney's fees for 74.8 hours' work. The Court has reduced that accrual by 5.2 hours. Swan is therefore entitled to recover attorney's fees for 69.6 hours at the hourly rate of $190.28, which totals $13,243.49. As stated above, Swan is also entitled to $274.07 in costs.

### F.  Paying the Award

EAJA fees are payable to the "prevailing party," and the U.S. Supreme Court has held that an EAJA fee award is payable to the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 591–97 (2010); *see also* 28 U.S.C. § 2412(d)(1)(A). Under *Ratliff*, the litigant is normally awarded the fees, subject to any offset for applicable government debts. *See id.* Many district courts, however, have ordered payment of EAJA fees (minus any applicable offset) directly to the litigant's attorney when those fees have been assigned in a fee agreement and the government has exercised its discretion to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.[4]

Swan has submitted a declaration through which she assigned to counsel her right to

---

[4] *See, e.g.*, *Beal v. Colvin*, No. 14–CV–04437–YGR, 2016 WL 4761090, at *4 (N.D. Cal. Sept. 13, 2016); *Blackwell v. Astrue*, No. CIV 08–1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011).

attorney's fees and costs recovered under the EAJA. *See* Pl.'s Decl., dkt. no. 27. A copy of the fee agreement between Swan and counsel was also filed with the Court. *See* Rizzo Mot. Decl., Ex. 1, dkt. no. 28-1. In the agreement, Swan assigned all court-awarded EAJA attorney's fees and costs to counsel. *See id.* at 2. There is no evidence of whether Swan owes a pre-existing government debt.

It appears that the Commissioner is prepared to waive the requirements of the Anti-Assignment Act if the United States Department of the Treasury determines that Swan does not owe a government debt. *See* Opp'n at 5–6. Accordingly, the Court finds that EAJA fees may be paid directly to counsel, subject to any government debt offset and the Commissioner's waiver of the Anti-Assignment Act's requirements. *See Yesipovich*, 166 F. Supp. 3d at 1011.

## IV. CONCLUSION

For the foregoing reasons, the Motion is GRANTED in part and DENIED in part. Swan is entitled to recover attorney's fees in the amount of $13,243.49 and costs in the amount of $274.07. Those awards shall be paid in accordance with this order and applicable law.

**IT IS SO ORDERED.**

Dated: December 5, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

7